IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 1:20-cv-00201-CMA

LEE MASSEY,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER VACATING AND REMANDING DENIAL OF SOCIAL SECURITY DISABILITY BENEFITS AND SUPPLEMENTAL SECURITY INCOME

This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff Lee Massey's application for disability insurance benefits and supplemental security income. Jurisdiction is proper under 42 U.S.C. § 405(g).

Plaintiff argues that the administrative law judge ("ALJ") erred by not conducting a function-by-function assessment of Plaintiff's capabilities when determining his Residual Functional Capacity. (Doc. # 14.) Plaintiff also argues that there was not substantial evidence to support the ALJ's determination that Plaintiff is capable of performing work that exists in significant numbers in the regional or national economies. (*Id.*) For the reasons set forth below, the Court vacates the decision of the Commissioner to deny Plaintiff's application for disability insurance benefits and supplemental security income and remands the matter to the ALJ.

## I.    BACKGROUND

Plaintiff, Lee Massey, first filed an application for Social Security Disability Benefits and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act on May 22, 2017. (Doc # 11-2 at 15.)[1] Plaintiff alleges a disability onset date of November 1, 2016. (*Id.*) Plaintiff claims disability due to injuries suffered to his feet and legs, asthma, bipolar disorder, post-traumatic stress disorder, and depression. (*Id.* at 18.)

Plaintiff's claims were initially denied on September 18, 2017. (*Id.* at 15.) On January 24, 2018, Plaintiff filed a written request for a hearing. (*Id.*) ALJ Kathleen Laub conducted a hearing on December 6, 2018, in Denver, Colorado. (*Id.*) Both Plaintiff and an impartial vocational expert testified at the hearing. (*Id.*)

On May 1, 2019, the ALJ denied Plaintiff's request for benefits. (*Id.* at 12.) At step one of her analysis, the ALJ found that Plaintiff had not engaged in gainful activity since the alleged onset date of disability. (*Id.* at 18.) At step two, the ALJ found that Plaintiff has numerous severe impairments, including many impairments to his lower extremities, asthma, bipolar disorder, post-traumatic stress disorder, and depression. (*Id.*) At step three, the ALJ determined that Plaintiff's impairments do not meet or exceed the conditions listed in the disability regulations. (*Id.* at 18–20.)

Before completing steps four and five, the ALJ determined Plaintiff's Residual Functional Capacity ("RFC"). The ALJ concluded that Plaintiff has the RFC to perform

---

[1] The exhibits filed at Doc. # 11 constitute the Administrative Record in this matter. The Court cites to the docket number of the exhibit (e.g., Doc. # 11-2) and the page number from the Administrative Record (e.g., at 43).

2

light work. (*Id.* at 21.) Among several limitations, the ALJ found that Plaintiff can never walk on uneven terrain, nor climb ropes, ladders, or scaffolds. (*Id.*) The ALJ found that Plaintiff can occasionally climb ramps or stairs, balance, crawl, and reach overhead with the left non-dominant upper extremity. (*Id.*) The ALJ noted that Plaintiff requires a cane to ambulate. (*Id.*) The ALJ also limited plaintiff to unskilled work "to fully accommodate his mental health symptomology." (*Id.* at 26.)

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. (*Id.* at 27.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform with his RFC. (*Id.*) Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the requirements of jobs such as production assembler (17,000 positions nationally), assembler of electrical accessories (38,800 positions nationally), and routing clerk (35,600 positions nationally). (*Id.* at 28.) Consequently, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.* at 28–29.)

On May 1, 2019, Plaintiff requested review of the ALJ's decision. (*Id.* at 1.) On November 25, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.*) When the Appeals Council declined review, the ALJ's decision became the final decision of the Commissioner. *See Blea v. Barnhart*, 466 F.3d 903, 908 (10th Cir. 2006).

Plaintiff initiated the instant action on January 24, 2020, seeking reversal of the ALJ's decision and remand for a new hearing. (Doc. # 1.) Plaintiff's Opening Brief (Doc.

# 14) followed. The Commissioner filed a Response (Doc. # 15), and Plaintiff filed a Reply (Doc. # 18).

## II.     STANDARD OF REVIEW

When reviewing the Commissioner's decision, the Court is limited to determining "whether the findings are supported by substantial evidence and whether the Secretary applied the correct legal standards." *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). First, the Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938). "Substantial evidence is more than a scintilla, but less than a preponderance . . . ." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987).

In reviewing the record to make the substantial evidence determination, the Court "may not reweigh the evidence nor substitute [its] judgment for the Secretary's." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). In addition, the Court "may not displace the agency's choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation marks and citation omitted). Also, the Court "defer[s] to the ALJ on matters involving the credibility of witnesses." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Second, in addition to the absence of substantial supporting evidence, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "There are specific rules of law that must be followed in deciding whether evidence is substantial in these disability cases." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

However, not every error in evaluating evidence or applying the correct legal standard warrants reversal or remand. "Courts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that the Tenth Circuit has "specifically applied [the principle of harmless error] in social security disability cases" and collecting cases). Harmless error exists where it is "inconceivable" that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

### III.     ANALYSIS

Plaintiff raises two issues in the instant action. The first is that the ALJ did not apply the correct legal standard when conducting the RFC assessment. Specifically, Plaintiff contends that the ALJ failed to carry out a function-by-function assessment of Plaintiff's ability to do work-related activities, especially with respect to his use of a cane. (Doc. # 14 at 5.) This Court agrees that the ALJ did not apply the correct legal

5

standard in conducting Plaintiff's RFC assessment, and concludes that remand is warranted on this basis.

Social Security Ruling 96-8p ("SSR 96-8p"), 1996 WL 374184 (Jul. 2, 1996), prescribes the rules an ALJ must follow when making an RFC assessment. SSR 96-8p explains that the RFC is a "function-by-function assessment" of an individual's ability to do work-related activities. *Id.* at *3. This function-by-function assessment must occur before the RFC may be expressed in terms of the exertional levels of work (e.g., light, medium, heavy). *Id.* at *1.

To carry out the function-by-function assessment, the ALJ must assess "the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." *Id.* at *5. The ruling also specifically requires that "[e]ach function must be considered **separately** (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities." *Id.* (emphasis added). SSR 96-8p explains that "it is necessary to assess the individual s [sic] capacity to perform **each** of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level." *Id.* at *3 (emphasis added). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available." *Id.* at *7.

6

In the instant case, the ALJ failed to do a function-by-function assessment that assessed each of the seven strength demands separately with the appropriate narrative discussion. The ALJ did not discuss how Plaintiff's impairments affect his ability to sit, lift, carry, push, or pull. Accordingly, there was no description of the maximum amount of each of these activities that Plaintiff could perform. The ALJ's discussion of Plaintiff's ability to walk and stand was limited to noting that Plaintiff required a cane to ambulate and can "never walk on uneven terrain." (Doc. # 11-2 at 21.) Therefore, the ALJ did not engage in specific narrative discussion about how the evidence available supports specific conclusions about each of the seven strength demands including relevant maximum amounts that could determine the boundaries of Plaintiff's RFC.[2]

Nor did the ALJ consider the effect of Plaintiff's need to use a cane on his ability to perform each of the seven strength demands. As explained in *Worley v. Colvin*, No. 12-CV-02533-MSK, 2014 WL 103777, at *5 (D. Colo. Jan. 10, 2014):

> The error is not harmless because the effect of the cane restriction may vary as to each function. For example, a cane may have no effect on sitting, may limit standing and walking, and might limit or prevent lifting, carrying, pushing or pulling. Because the ALJ did not inquire as to the effect of the cane on each area of function, the Court is without an adequate record to conclude that any particular job (regardless of its exertion category) can be performed subject to such limitation.

---

[2] The ALJ did ask the vocational expert a hypothetical question about a worker who could stand and/or walk for a total of two hours in an eight-hour workday. (*Id.* at 63.)  However, pursuant to SSR 96-8p, it is necessary for the ALJ to assess Plaintiff's capacity to sit, stand, walk, lift, carry, push, and pull in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level. The ALJ's hypothetical question to the vocational expert does not render her failures to follow SSR 96-8p harmless because the Court cannot determine on the administrative record before it whether a different administrative conclusion may have been reached absent the ALJ's errors.

Defendant argues that the RFC assessment was not erroneous because the ALJ provided some functional analysis when she described how Plaintiff could not walk on uneven surfaces, could not climb ropes, ladders, or scaffolds, and could occasionally operate foot controls. (Doc. # 15 at 7.) However, SSR 96-8p clearly distinguishes the seven strength demands as exertional capacities to be analyzed individually from what it categorizes as nonexertional capacities, such as stooping, climbing, reaching, and handling. *See* 1996 WL 374184 at *5–6. These analyses do not overlap sufficiently enough to say that the ALJ carried out a function-by-function assessment of sitting, standing, walking, lifting, carrying, pushing, and pulling. *See Guana v. Astrue*, No. 11-CV-02781-LTB, 2013 WL 316022, at *8 (D. Colo. Jan. 28, 2013). Thus, this Court finds that the ALJ did not apply the correct legal standard when conducting the RFC assessment. On remand, the ALJ should follow the function-by-function assessment as outlined by SSR 96-8p.

The second issue Plaintiff raises is that the ALJ did not properly assess whether the jobs that Plaintiff could do given his RFC existed in the national economy in "significant numbers." The function-by-function assessment is important at step five because, without it, the ALJ may "overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014). Accordingly, the Court declines to decide this issue at this juncture because the number of jobs available to Plaintiff is likely to change after the ALJ completes the proper RFC assessment.

Although the Court declines to decide whether the number of jobs identified by the ALJ is significant, it notes that the ALJ may consider the factors outlined in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992), when reconsidering the issue:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Id.* (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988)).

For these reasons, the Court remands this matter to the ALJ so that the ALJ can determine Plaintiff's RFC through a function-by-function assessment of Plaintiff's ability to do work-related activities.

## IV.  **CONCLUSION**

Accordingly, it is ORDERED that the ALJ's denial of disability insurance benefits and supplemental security income is VACATED. Further, the Court REMANDS the denial of Plaintiff's application for Social Security benefits to the ALJ for further proceedings consistent with this Order, pursuant to 42 U.S.C. § 405(g).

DATED:  March 29, 2021

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge